# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED AT 3418 S. MARKS AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 328-111-06, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>              Defendant.<br>_____/ | CASE NO. 1:12-cv-00298-AWI-SMS<br><br>**ORDER DENYING CLAIMANT'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER DIRECTING CLERK TO SERVE PRO SE CLAIMANT**<br><br>(Docs. 10 and 16) |

In this civil action, the United States seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(7), contending that it was used or intended to be used, in any manner or part, to commit or facilitate the commission of a violation of 21 U.S.C. § 841 *et seq.* Chan Eagle, the record owner of the defendant property, filed a verified claim in opposition to forfeiture on May 17, 2012. As part of her claim, Ms. Eagle requested appointment of counsel to represent her in this forfeiture action pursuant to 18 U.S.C. § 983(b).

> If a person with standing to contest the forfeiture of property in a judicial civil proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

18 U.S.C. § 983(b)(2)(A).

1

The parties do not dispute Claimant's ownership of the property or its use as her primary residence. Thus, the only question before the Court is whether Claimant is financially unable to obtain representation by counsel.

On June 8, 2012, Claimant filed a declaration and form CJA 23 in support of her claim of impecunity. Claimant declared income of $1695.00 monthly, composed of a military pension of $1195.00 and self-employment income of $500.00, for a total annual income of $20,340.00. According to claimant, her current employment consists of selling vegetables at local farmers' markets. She declared monthly expenses as follows:

| | |
|---|---:|
| Electric (farm & residence) | $400.00 |
| Propane Gas (farm & residence) | 35.00 |
| Water (farm & residence) | 40.00 |
| Car Insurance[1] | 120.00 |
| Vehicle Registration ($220/12) | 18.34 |
| Food | 400.00 |
| Property Taxes ($1180.70/12) | 98.39 |
| Telephone | 30.00 |
| Trash Service | 63.00 |
| Total Monthly Expenses | $1204.73 |

Accordingly, Claimant declared that she has surplus income of $490.27 monthly, or $5883.24 annually. Claimant does not account for her surplus income as savings or otherwise.

Claimant has no debt. She discloses ownership of the real property that is the subject of this proceeding, valuing it at $84,000. Claimant does not disclose the value of the motor vehicle(s) on which she pays insurance and annual registration, nor does she disclose the rental income on the second home located on her property, although she previously stated to law enforcement officers that she rents the home. The declaration also does not address whether the farm plots previously leased for cultivation of vegetables and marijuana are presently leased.

Claimant declares that she is financially unable to secure legal representation but does not indicate that she has actually attempted to secure counsel to represent her. The substantive quality of the documents that Claimant has submitted to this Court indicates that she is capable of representing herself.

---

[1] Claimant declared two amounts of auto insurance: $120.00 monthly and $1200.00 annually. For purposes of analysis, the Court will apply the larger amount claimed.

1    In light of Claimant's assets, both declared and omitted, and her monthly surplus income,
2 despite extraordinary expenditures on food and electricity by a single person, do not support a
3 conclusion that Claimant is financially unable to obtain representation of counsel.  Claimant's
4 motion for appointment of counsel is DENIED.

6 IT IS SO ORDERED.

7 **Dated:   June 12, 2012**                              /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE