1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   UNITED STATES OF AMERICA,                    CASE NO. 1:12-cv-00298-AWI-SMS

10                    Plaintiff,

11        v.

12   REAL PROPERTY LOCATED AT              **ORDER STRIKING CLAIM AND**
     3418 s. MARKS AVENUE, FRESNO,         **ORDERING ENTRY OF DEFAULT**
13   FRESNO COUNTY, CALIFORNIA,            **OF CHAN EAGLE**
     APN: 328-111-06, INCLUDING ALL
14   APPURTENANCES AND
     IMPROVEMENTS THERETO,
15

16                    Defendant.                  (Doc. 20 and 24)
     _____/
17

18        In this civil action, the United States seeks forfeiture of the defendant property pursuant

19   to 21 U.S.C. § 881(a)(7), contending that it was used or intended to be used, in any manner or

20   part, to commit or facilitate the commission of a violation of 21 U.S.C. § 841 *et seq.*  Chan Eagle

21   is the record owner of the defendant property.

22        In this motion, the Government seeks to strike Eagle's verified claim in opposition to

23   forfeiture (Doc. 10) as a result of Eagle's failure to timely answer the complaint or file a Rule 12

24   motion.  Eagle objects to the Court's vacating the hearing date and ordering the motion submitted

25   (Doc. 22).

26        The Government filed its complaint in this action on February 28, 2012.  On April 10,

27   2012, Eagle was personally served with a copy of the complaint and notice of complaint for

28   forfeiture of the property.  The U.S. Marshals Service also posted the complaint and notice of

1

1  complaint on the front gate of property on April 10, 2012.  The notice of complaint required

2  Eagle to file a claim asserting interest in the property no later than 35 days after the date of

3  personal service (May 16, 2012).  On May 17, 2012, Eagle filed an untimely verified claim in

4  opposition to forfeiture and requested appointment of counsel.

5       On May 18, 2012, the Government moved for entry of default against Eagle for failure to

6  file a claim, answer, plead, or otherwise defend this action within the time permitted by law.  In

7  light of Plaintiff's filed claim, the Clerk of Court declined to enter default against Eagle.

8       The owner of the defendant property in an *in rem* foreclosure action must file an answer

9  to the complaint of a motion under Rule 12 no later than 21 days after filing his or her claim.

10 F.R.Civ.P. G(5)(b).  Accordingly, Eagle was required to answer or file a Rule 12 motion no later

11 than June 7, 2012.  To date, Eagle has neither filed an answer or motion, nor moved for an

12 extension of the time in which to do so.

13      "So long as the Government takes the steps mandated by due process to notify the record

14 owner of an impending forfeiture, it is the owner's responsibility to comply with the procedural

15 requirements for opposing the forfeiture."  *United States v. Real Property*, 135 F.3d 1312, 1317

16 (9th Cir. 1998).  "[C]laimants must strictly adhere to the procedural requirements of the

17 Supplemental Rules to achieve statutory standing to contest a forfeiture action."  *United States v.*

18 *$12,126.00 in U.S. Currency*, 337 Fed.Appx. 818, 820 (11th Cir. 2009).  When a claimant fails to

19 file a timely answer to a forfeiture complaint, a district court does not abuse its discretion in

20 striking the claim.  *Id. See also United States v. 40 Acres of Real Property, More or Less*, 629

21 F.Supp.2d 1264, 1275 (S.D. Ala. 2009) (striking claim of claimants who failed to file a timely

22 answer to the complaint); *United States v. One Hundred Thirty-Eight Thousand, Three Hundred*

23 *Eighty-One Dollars in U.S. Currency ($138,381.00)*, 240 F.Supp.2d 220, 229 (E.D.N.Y. 2003)

24 (holding that even if the Court construed a notice of claim to include a wife even though her

25 husband had filed the claim, the wife would still lack statutory standing to proceed in the

26 forfeiture action based on her failure to file a timely answer to the complaint).

27      Eagle objects to the Court's vacating the scheduled hearing and deeming the motion

28 submitted.  In compliance with Rule G(5)(c), the Government moved to strike Eagle's claim on

1   June 15, 2012.  Eagle did not file opposition to the motion.  *See* Loc. R. 78-230(c) (requiring

2   opposition to a motion to be filed in writing no less than fourteen days before the noticed hearing

3   date).  In the absence of opposition, the Court properly vacated the hearing and deemed the

4   matter submitted as it is permitted to do by Loc. R. 78-230(g).

5          The Court hereby STRIKES Eagle's claim in opposition to forfeiture (Doc. 10).  The

6   Clerk of Court is ordered to enter default against Eagle pursuant to F.R.Civ.P. 55(a).

7

8   IT IS SO ORDERED.

9   **Dated:    July 25, 2012**                          **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28