1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:12-cv-00298-AWI-SMS |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS** |
| REAL PROPERTY LOCATED AT 3418 S. MARKS AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 328-111-06, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | **RECOMMENDING THE GRANT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |
| Defendant. | (Doc. 27) |

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interest of Chan Eagle in the above-captioned defendant property and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant property.  The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19) and is considered in accordance with Local Rule A-540(d).

This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  Having considered all written materials submitted, the undersigned recommends that the District Court grant the Government default judgment, enter final forfeiture judgment to vest in the Government all right, title and interest in the defendant property, and order the Government, within ten (10) days of service of

1

1  an order adopting these findings and recommendations, to submit a proposed default and final

2  forfeiture judgment consistent with these findings and recommendations.

3  **I.     Factual Background**[1]

4       The defendant property is real property located in Fresno County, California, commonly

5  known as 3418 S. Marks Avenue, Fresno, California, including all appurtenances and

6  improvements thereto, more fully described as:

7       The West half of Lot 8 in the Southwest quarter of Section 30, Township 14
     South, Range 20 East, Mount Diablo Base and Meridian, recorded November 14,
8       1883 in Book 2 Page 14 of Maps, Fresno County Records.

9       Assessor's Parcel No. 328-111-06.

10  The defendant property includes approximately nine acres.  Improvements include two trailer

11  homes and two outbuildings.

12       In or about August 2010, the Drug Enforcement Administration ("DEA") and local law

13  enforcement officers began investigating several suspects cultivating marijuana at several

14  locations in Fresno County.  On October 18, 2011, aerial surveillance of the defendant property

15  revealed a marijuana cultivation site consisting of several hundred mature plants.

16       Authorities executed a federal search warrant for the defendant property on October 24,

17  2011.  Officers discovered and seized 1126 live marijuana plants and 840 pounds of processed

18  marijuana.  In the course of the search, officers encountered an individual who identified herself

19  as Chan Eagle, owner of the defendant property.  Eagle stated that she lived in one of the trailer

20  homes on the defendant property and consented to officers searching her trailer.  The officers

21  found marijuana drying in most of the rooms of Eagle's home. Eagle stated that the marijuana

22  drying in her home was her property.  She also confirmed that the plot closest to her trailer, in

23  which marijuana was growing, was her plot.  Eagle told officers that she knew it was illegal to

24  grow marijuana but that she "thought it was OK in California."

25       Eagle identified the second trailer as leased to another.  The tenant consented to the

26  search of that trailer, in which marijuana was found drying in every room but the bathroom.

27

28
     _____

     [1]  These facts were derived from the Government's application and from the Court's records.

1  The nine acres comprising the defendant property had been divided into multiple plots
2  leased from Eagle by eight other individuals for marijuana cultivation.  The property included
3  several greenhouses, constructed of metal frames with plastic sheeting and roofs apparently
4  designed to conceal plants and activities within from view.  Each greenhouse was fenced and
5  secured with a chain and lock.

6  Wood and nylon tent-like structures, outfitted with mattresses, were located throughout
7  the property.  Several included marijuana, including bud marijuana, in various stages of drying
8  and processing.

9  In other locations, row crops of hanging vegetables concealed four to five foot high
10 marijuana plants.  Elsewhere, marijuana plants were growing between crops and in rows without
11 concealment.

12 Officers sent samples of the marijuana located and seized on the defendant property to the
13 DEA's western regional laboratory.  Testing confirmed that the plants and produce were, in fact,
14 marijuana.

15 **II.   Procedural Background**

16 This is a civil action *in rem* to forfeit to the United States of America the defendant
17 property, including any right, title, and interest in the whole of the lot or tract of land and any
18 appurtenance or improvements to it based on the use of the defendant property, in whole or in
19 part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 841 *et seq.*, an
20 offense punishable by more than one year's imprisonment, and is therefor subject to forfeiture to
21 the United States pursuant to 21 U.S.C. § 881(a)(7).  The Government filed its verified complaint
22 on February 28, 2012.

23 On March 6, 2012, the Government attempted to serve Eagle, by certified mail, with
24 copies of the verified complaint for forfeiture *in rem*, notice of complaint, application and order
25 for publication, *lis pendens*, order setting mandatory scheduling conference, notice of availability
26 of voluntary dispute resolution, notice of availability of magistrate judge, and notice of forfeiture
27 letter.  After two unsuccessful attempts to deliver the mailing to Eagle, the U.S. Postal Service
28 returned the mailing to the U.S. Attorney's Office on March 29, 2012.

3

1    On March 7, 2012, this Court authorized publication of the forfeiture action via the

2    internet forfeiture website www.forfeiture.gov for at least thirty days.  According to the

3    Government's Declaration of Publication, a Notice of Civil Forfeiture was published on the

4    official government internet site (www.forfeiture.gov) for thirty days beginning on May 8, 2012.

5    On April 10, 2012, Eagle was personally served by the U.S. Marshals Service with notice

6    of this action, including the complaint, notice of complaint, application and order for publication,

7    *lis pendens*, order setting mandatory settlement conference, notice of availability of magistrate

8    judge, voluntary dispute resolution, and notice of forfeiture action dated March 30, 2012.  On the

9    same day, the U.S. Marshals Service posted notice on the defendant property.

10   The notice of complaint provided that to avoid forfeiture of the subject property, any

11   person claiming an interest in the defendant property was required to file a claim asserting his or

12   her interest in the manner set forth in Rule G(5)(a) of the Supplemental Rules for Admiralty or

13   maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure no later

14   than 35 days after the date of service of the complaint, or as applicable, no later than sixty days

15   after the first publication of notice on the official internet government forfeiture site

16   (www.forfeiture.gov).  In this action, notice of claim was to be filed on or before May 15, 2012.

17   Eagle untimely filed her verified claim in opposition to forfeiture on May 17, 2012.

18   The government requested entry of default against Eagle on May 18, 2012.  In light of

19   Eagle's filed opposition, albeit untimely, the Clerk of Court declined to enter default.

20   The notice of complaint also required any claimant to file his or her answer to the

21   complaint within 21 days of filing his or her claim (here, June 7, 2012).  Eagle never filed an

22   answer to the Complaint.  Accordingly, on June 15, 2012, the Government moved to strike

23   Eagle's claim, serving her with a copy of its motion.  Eagle filed no opposition to the motion.

24   On July 27, 2012, the Court struck Eagle's claim in opposition to forfeiture and ordered entry of

25   default against Eagle.  The Clerk of Court entered default against Eagle on July 27, 2012.

26   On August 1, 2012, the Government moved for default judgment and final judgment of

27   forfeiture.  At the direction of the Court, the Government served Eagle on August 6, 2012.  Eagle

28   filed opposition to the motion on August 14, 2012.

As part of the Government's Requests for Entry of Default, the United States Attorney declared under penalty of perjury that on information and belief, Eagle was not in the military service or was an infant or incapacitated person.  To date, Eagle has not filed an answer to the complaint.

## DISCUSSION

### I.    Sufficiency of the Complaint

The Government contends that the allegations set forth in the verified complaint for forfeiture *in rem* and the alleged facts provide ample grounds for forfeiture of the defendant property.  A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Real property is subject to forfeiture if it was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 841 *et seq*.  21 U.S.C. § 881(7).

The Government's verified complaint alleges that the defendant property is subject to forfeiture since it was used for the purpose of cultivating, processing, and manufacturing marijuana.  As set forth above and in the verified complaint, when the DEA and local law enforcement officers executed a search warrant on the defendant property on October 24, 2011, they located 1126 live marijuana plants, 840 pounds of processed marijuana, marijuana being cultivated in rows and between other crops, and greenhouses and other structures designed to encourage the growth of marijuana and facilitate the manufacture and processing of marijuana.

The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes.  Eagle has not challenged the factual allegation regarding the identification and seizure of the marijuana.  As alleged, the facts set forth a sufficient connection between the defendant property and illegal drug activity to support a forfeiture.

///

///

II.   **Notice Requirements**

   The Fifth Amendment's Due Process Clause prohibits the Government from taking

property without due process of law.  Individuals whose property interests are at stake are entitled

to notice and an opportunity to be heard.  The Government provided Eagle all requisite notice.

   A.   **Personal Notice**

   When the Government knows the identity of the property owner, due process requires "the

Government to make a greater effort to give him notice than otherwise would be mandated by

publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998).  In such cases,

the Government must attempt to provide actual notice by means reasonably calculated under all

circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United

States*, 534 U.S. 161, 168 (2002) (*quotations omitted*).  *See also Mullane v. Central Hanover

Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually

informing the absentee might reasonably adopt to accomplish it").  "Reasonable notice, however,

requires only that the government attempt to provide actual notice; it does not require that the

government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v.

United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

   Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by

means reasonably calculated to reach the potential claimant.  Local Rule A-540 also requires that

a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that

due notice of the arrest of the property has been given both by publication and by personal service

of the person having custody of the property, or if the property is in the hands of a law

enforcement officer, by personal service on the person who had custody of the property before its

possession by a law enforcement agency or officer.  Notice must also be provided by personal

service or certified mail, return receipt requested, on every other person who has appeared in the

action and is known to have an interest in the property, provided that failure to give actual notice

to such other person may be excused upon a satisfactory showing of diligent efforts to provide

notice without success.  L.R. A-540(a).  Notwithstanding the Supplemental Rules and L.R. A-

540(a), the Government provides sufficient notice when the notice complies with the requirements

of F.R.Civ.P. 4.  *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government initially attempted to serve Eagle by certified mail but was unsuccessful.  Thereafter, it personally served Eagle with the complaint, publication order, and other related documents on April 10, 2012.

**B.      Notice by Publication**

Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official government forfeiture site for at least 30 consecutive days."  Local Admiralty and In Rem rules further provide that the Court shall designate by order the appropriate vehicle for publication.  Local Rules A-530 and 83-171.  On March 7, 2012, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days.  According to the Government's Declaration of Publication (Doc. 13), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on May 8, 2012.  Accordingly, the Government also satisfied the requirements for notice to Eagle by publication.

**C.      Failure to File Claim or Answer**

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice.  Supplemental R. G(4)(b) & (5).  Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action.  *Real Property*, 135 F.3d at 1317.  Eagle filed a claim, but her filing was untimely.  Nonetheless, the Clerk of Court declined to enter default against Eagle.

**D.      Failure to File Answer**

Supplemental Rule G(5)(b) requires any person who has filed a claim to file an answer or a motion under F.R.Civ.P. 12 within 21 days of filing the claim.  Plaintiff did not file an answer.  Accordingly, the Court struck Eagle's untimely claim and ordered entry of default against her.

E.   **Default Judgment**

The Government seeks judgment against the interests of Eagle, and final forfeiture judgment to vest in the Government all right, title and interest in the defendant property.  The Supplemental Rules do not set forth a procedure to seek default judgment *in rem*.  Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default."  F.R.Civ.P. 55(a).  Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.  The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.
>
> *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*internal citations and quotation marks omitted*).

As noted above, the Government properly obtained a default entry against Eagle's interest in the defendant property.  There is no impediment to default judgment sought by the Government against them.  The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant property.  "A judgment in rem affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons."  *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958).  Because of Eagle's default, the Government is entitled to a final forfeiture judgment.

## RECOMMENDATIONS

In light of the reasons discussed above, this Court recommends that

1.    The District Court grant Plaintiff United States of America default
      judgment against the interest of Chan Eagle;

8

2.    The Clerk of Court enter final forfeiture judgment to vest in Plaintiff
      United States of America all right, title and interest in the defendant
      property; and

3.    The District Court order Plaintiff United States of America, within ten (10)
      days of service of an order adopting these findings and recommendations,
      to submit a proposed default and final forfeiture judgment consistent with
      the findings and recommendations and the order adopting them.

These findings and recommendations are submitted to District Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304.  Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specific time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 30, 2012            /s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE

9