**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:12-cv-00298-AWI-SMS |
| ) | |
| Plaintiff, ) | ORDER RE: FINDINGS AND |
| ) | RECOMMENDATIONS ON |
| v. ) | MOTION FOR ENTRY OF |
| ) | DEFAULT JUDGMENT |
| REAL PROPERTY LOCATED AT 3418 S. ) | |
| MARKS AVENUE, FRESNO, FRESNO ) | (Docs. 27, 34) |
| COUNTY CALIFORNIA, APN: 328- ) | |
| 111-06, INCLUDING ALL ) | |
| APPURTENANCES AND ) | |
| IMPROVEMENTS THERETO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I. INTRODUCTION**

Plaintiff United States of America (hereinafter referred to as "Plaintiff" or "the government") brings this *in rem* civil action pursuant to 21 U.S.C. § 881(a)(7) for forfeiture of real property located at 3418 S. Marks Avenue, Fresno, California. On May 17, 2012, claimant Chan Eagle (hereinafter referred to as "Claimant" or "Eagle") filed a verified claim in opposition to the government's forfeiture action. On July 25, 2012, the Magistrate Judge issued an order striking Eagle's claim and directing the Clerk of Court to enter Eagle's default for failure to strictly comply with the filing requirements of Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions. On August 1, 2012, the government filed an application for entry of default judgment against the interest of Eagle in the property and further requested entry of final judgment vesting in it all right, title and interest in the property. The matter was submitted to the Magistrate Judge. On August 30, 2012, the Magistrate Judge issued her findings and recommendations recommending the government's application be granted, default judgment entered against the interest of Eagle and final forfeiture judgment entered vesting in the government all right, title and interest in the property. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court, for reasons discussed below, respectfully declines to adopt the findings and recommendations. Accordingly, the government's application for entry of default judgment and final judgment shall be denied. The Court further vacates Eagle's default and directs Eagle to file a new verified claim and answer to the complaint within seven days of entry of this order.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings. On February 28, 2012, the government filed its verified complaint pursuant to 21 U.S.C. § 881(a)(7) for an *in rem* forfeiture of real property located at 3418 S. Marks Avenue, Fresno, California, APN: 328-111-06, including any right, title and interest in the whole of any lot or tract of land and appurtenances and improvements thereon, contending the property was used or intended to be used to cultivate or facilitate the cultivation of marijuana in violation of 21 U.S.C. § 841 et seq. The complaint alleged that on October 24, 2011, DEA agents and deputies of the Fresno County Sheriff's Department discovered 1,126 live marijuana plants and 840 pounds of processed marijuana while executing a federal search warrant on the property. The complaint further alleged during the search, the agents came into contact with Eagle, who identified herself as the property owner. In conjunction with the complaint, the government filed an application pursuant to Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") for

order of publication authorizing public notice of the action and arrest of the defendant property to be given in a newspaper of general circulation or on the government's official Internet forfeiture site. On March 7, 2012, the Magistrate Judge granted the government's application for publication.

On May 17, 2012, Eagle filed her verified claim in opposition to the forfeiture action, alleging she was the owner of record of the property and that the property was her primary residence. On May 18, 2012, the government filed the declaration of Elisa Rodriguez, a government paralegal assigned to this action, who testified that on April 10, 2012, Eagle was personally served by the United States Marshals Service with copies of the complaint, notice of the complaint and application and order for publication, as well as notice of the government's recording of a lis pendens on the property, order setting mandatory scheduling conference, notice of availability of voluntary dispute resolution, notice of availability of a magistrate judge and notice of forfeiture letter. The government also filed a Marshals Service process receipt and return corroborating the April 10, 2012 date.

On June 15, 2012, the government filled a motion to strike Eagle's claim in opposition to forfeiture pursuant to Supplemental Rule G(8). On July 25, 2012, the Magistrate Judge granted the government's motion to strike Eagle's claim, concluding the May 17, 2012 filing of the claim was not timely filed within 35 days of the government's April 10, 2012 personal service of notice of the action and the complaint on Eagle as required by Supplemental Rules G(4)(b) and G(5)(a)(ii)(A). The Magistrate Judge further found Eagle had failed to file either an answer or a Rule 12 motion in response to the complaint within 21 days of filing the claim as required by Supplemental Rule G(5)(b). Accordingly, the Magistrate Judge directed the Clerk of Court to enter Eagle's default pursuant to Federal Rule of Civil Procedure 55(a). Eagle's default was entered July 27, 2012.

On August 1, 2012, the government filed an application for entry of default judgment against the interest of Eagle in the property at issue and for final judgment of forfeiture vesting in the government all right, title and interest in the property. On August 14, 2012, Eagle filed her opposition to the government's application for entry of default judgment and final judgment of forfeiture. The government filed its reply to Eagle's opposition on August 15, 2012. The matter was

submitted to the Magistrate Judge for findings and recommendations. On August 30, 2012, the Magistrate Judge issued her findings and recommendations, recommending the Court grant the government's application, enter default judgment against the interest of Eagle and enter final forfeiture judgment vesting in the government all right, title and interest in the property. On September 17, 2012, Eagle filed her opposition to the Magistrate Judge's findings and recommendations. On September 20, 2012, the government filed its response to Eagle's objections.

### III. LEGAL STANDARD

As to a magistrate judge's findings and recommendations, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations[.]" 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

### IV. DISCUSSION

The Court has conducted a de novo review of the case in accordance with the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 303. Given the tenor of the pleadings, the Court finds it appropriate initially to construe Eagle's opposition to the government's application for entry of default judgment as a motion to vacate her default. *See Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981) ("Even if a default has been entered, opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal [Federal] Rule [of Civil Procedure] 55(c) motion"). The Court further finds it appropriate to construe the government's response to Eagle's opposition as an opposition to a motion to vacate Eagle's default. In light of the Court's construction and the government's failure to identify anything technically non-

4

compliant about Eagle's May 17, 2012 verified claim other than the mere untimeliness of its filing, the Court concludes resolution of this matter should be determined according to the less rigorous standard for setting aside a default under Rule 55(c) rather the more rigorous standard imposed in civil forfeiture actions by the doctrine of strict compliance with the Supplemental Rules. *See U.S. v. $22,050.00 U.S. Currency,* 595 F.3d 318, 322-23, 324 (6th Cir. 2010) ("[I]n civil forfeiture cases . . . where the question is whether to excuse a known claimant's failure to file a verified claim and answer in the allotted time, district courts should analyze the case using the generally applicable Federal Rules rather than under [the] requirement of 'strict compliance' with the forfeiture rules").

     Rule 55(c) provides in pertinent part, "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010) (*Mesle*). Having reviewed the pleadings and all competent and admissible evidence submitted, the Court finds good cause to set aside the entry of Eagle's default.

     First, the Court finds no evidence in the record from which it could be said Eagle's default resulted from culpable conduct on her behalf. "The usual articulation of the governing standard, oft repeated in our cases, is that 'a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer . . . .' [Citations.] [¶] . . . [¶] . . . [W]hat we have meant is something [ ] like, in the words of a recent Second Circuit opinion addressing the same issue, 'willful, deliberate, or evidence of bad faith.' " *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 697 (9th Cir. 2001) (quoting *American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996)) (emphasis original). Therefore, "we have typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. at 698. Eagle defaulted because she failed to file a verified claim and answer to the government's complaint within the time allotted by the Supplemental Rules, but nothing suggests this failure was attributable to any

5

willfulness or bad faith. Instead, the fact Eagle did file a verified – albeit untimely – claim and has made multiple appearances in an attempt to litigate this action suggests she failed to comply with the Supplemental Rules filing deadlines simply because she was unfamiliar with the legal system.

The Court further finds Eagle has raised a meritorious defense. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not be determined by the court when it decides the motion to set aside the default. [Citation.] Rather, that question 'would be the subject of the later litigation.' [Citation.]" *Mesle, supra,* 615 F.3d at 1094; this burden "is not extraordinarily heavy." *TCI Group Life Ins. Plan, supra,* 244 F.3d at 700 (citing *In re Stone,* 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978)). In her objections to the findings and recommendations, Eagle alleges she is an innocent owner of the property and that the illicit activities thereon were conducted not by her but by the tenants to whom she had rented the property. An innocent owner defense is a legitimate defense to a civil forfeiture action. *See* 18 U.S.C. § 983(d).

Lastly, the Court finds no cognizable prejudice would result to the government if Eagle's claim were allowed to proceed. "To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI Group Life Ins. Plan, supra,* 244 F.3d at 701 (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)); *see Thompson v. American Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir. 1996) ("[F]or the setting aside of a default . . . to be considered prejudicial, it must result in more than delay. Rather, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"). The government has not alleged – and the Court cannot envision – how its ability to prosecute this action would be hindered by setting aside the default, nor has it alleged the delay would result in any prejudice of the type recognized in *Thompson, supra*. Based on the foregoing, and in light of the policy that cases be heard on their merits, the government's application for entry of default judgment and final judgment must be denied and Eagle's default vacated.

## V. DISPOSITION

Based on the foregoing, the Court respectfully declines to adopt the findings and recommendations issued August 30, 2012. Accordingly, the government's application for entry of default judgment and final judgment is DENIED. The Court hereby VACATES Eagle's default and ORDERS Eagle to file a new verified claim and answer to the complaint within seven days of entry of this order. The Court reserves jurisdiction to issue in favor of the government and against Eagle, as a condition of vacating the default, an award of attorneys' fees and costs reasonably incurred by the government in connection with the default proceedings pending further order of the Court or trial of the action.

IT IS SO ORDERED.

Dated: November 20, 2012

UNITED STATES DISTRICT JUDGE