BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000 Telephone
(559) 497-4099 Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY LOCATED AT 3418 S. MARKS AVENUE, FRESNO, FRESNO COUNTY CALIFORNIA, APN:328-111-06, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, <br><br> Defendant. | 1:12-CV-00298-AWI-SMS <br><br> **FINAL JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action *in rem* to forfeit to the United States of America the real property located at 3418 S. Marks Avenue, Fresno, California, Fresno County, APN: 328-111-06, including any right, title, and interest in the whole of any lot or tract of land, including all appurtenances or improvements thereon, (hereafter collectively "Defendant Property").

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on February 28, 2012, alleging that said Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3. On March 6, 2012, Chan Eagle (hereafter "Claimant") was served with copies

of the Complaint by U.S. Mail.  She was personally served on April 10, 2012.

4.  On March 9, 2012, in accordance with said Complaint, a Lis Pendens was filed for the Defendant Property.  Notice of the filing of the Lis Pendens for the Defendant Property was filed with the Court on March 30, 2012.

5.  On April 10, 2012, the Defendant Property was posted with a copy of the Complaint and Notice of Complaint in a manner consistent with the requirements of 18 U.S.C. § 985.

6.  Beginning on May 8, 2012, for at least 30 consecutive days, the United States published notice of this action on the official government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on June 7, 2012.

7.  Claimant filed a claim on November 27, 2012 and an answer on November 28, 2012.  To date, no other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.  The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.  That judgment is hereby entered against Chan Eagle, and all other potential claimants.

3.  Claimant agrees to pay to the United States the sum of $40,000.00 by July 7, 2014 as substitute res in lieu of the Defendant Property (the "Payment").

4.  Claimant shall make the Payment in the form of a cashier's check made payable to the U.S. Marshals Service and delivered to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721.  The Payment must be received by July 7, 2014 at 5:00 p.m.  The United States also may agree, at its sole discretion, in writing, to receive the Payment in another format (e.g., wire transfer).

5.  Claimant acknowledges that no extensions of the July 7, 2014 deadline will be

granted by the United States.  Upon receipt, the Payment shall be substituted with the Defendant Property as the res herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

6. Claimant has informed the United States that in order to obtain the $40,000.00, Claimant may attempt to seek to obtain financing on the Defendant Property. In the event Claimant is able to find a lender, the United States agrees to cooperate in good faith, to execute documents required to complete the transaction.  If the lender requests that the United States file a Withdrawal of Lis Pendens as a condition to providing financing, the United States will agree to do so, so long as $40,000.00 is delivered to the United States before or concurrently with the filing of the Withdrawal of Lis Pendens. Claimant's ability (or inability) to obtain financing does not otherwise affect the terms of this stipulation.

7. The United States further agrees to file a Withdrawals of Lis Pendens within 60 days of receipt of the Payment.

8. Upon receipt of the Payment or upon conclusion of the sale described in Section 10, the United States agrees to forego any further action (other than to effectuate the sale described in Section 10 or otherwise to satisfy the terms of this stipulation) against the Defendant Property, Claimant or any assignee/buyer based on the facts arising from or relating to allegations made in the Complaint.

9. Until the Payment has been made, Claimant agrees to the following conditions (the "Maintenance Conditions").  Claimant agrees to:

   a. Maintain the Defendant Property in the same condition and repair as existed as of the date of the posting, normal wear and tear expected;

   b. Maintain any and all insurance policies currently in effect with respect to the properties, including liability policies;

   c. Refrain from conveying, transferring, or encumbering the Defendant Property without the prior written approval of the United States; and

   d. Pay all taxes concerning the Defendant Property when due.

10. The parties further agree that in the event the Payment is not timely made in accordance with this agreement, or in the event that Claimant violates any of the Maintenance Conditions, the following events shall occur:

    a. All right, title, and interest in the Defendant Property shall be forfeited to the United States in full, pursuant to 21 U.S.C. § 881(a)(7).

    b. The U.S. Marshals Service shall list the Defendant Property for sale. The United States has indicated to Claimant that the U.S. Marshals Service typically sells properties through third-party real estate brokers. The U.S. Marshals Service will make reasonable best efforts to maximize the sale proceeds from the sale of the Defendant Property, but shall retain sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Defendant Property. In connection with the sale process, the U.S. Marshals Service and its agents shall be provided immediate access to the Defendant Property and any improvements thereon.

    c. The U.S. Marshals Service shall pay the following costs, expenses, and distributions from the proceeds of the sale of the Defendant Property in the following order and priority:

        i. All costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

        ii. Any unpaid real property taxes;

        iii. A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee, and such costs of sale as the U.S. Marshals Service may incur, including, but not limited to, county transfer taxes;

        iv. To Claimant, via her attorney Roger Bonakdar, 2344 Tulare Street, Suite 301, Fresno, CA 93721, the greater of the following: (a) $25,000.00 or (b) 33% of the sale proceeds remaining after payment of the costs described in Sections 10(c)(i)-(iii) herein. Claimant acknowledges that Federal law requires the Department of Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax

debts owed to the United States, and to individual states (including past-due child support).

    v.  To the United States of America, all remaining amounts.

  11. If the Payment is not timely made by July 7, 2014, Claimant and/or all others occupying the Defendant Property shall vacate the Defendant Property, along with all personal property, immediately and in no event later than 5:00 p.m. on July 7, 2014. Any personal property not removed by 5:00 p.m. on July 7, 2014 shall immediately be deemed abandoned and will be disposed of by the United States without further notice.

  12. That the United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the Defendant Property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed. Claimant agrees to waive the provisions of California Civil Code § 1542.

  13. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on February 28, 2012, the Court finds that there was probable cause for arrest and seizure of the Defendant Property, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

  14. All parties shall bear their own costs and attorney's fees.

  15. The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Stipulation for Final Judgment of Forfeiture and Final Judgment of Forfeiture.

IT IS SO ORDERED.

Dated:  May 12, 2014           _____
                     SENIOR DISTRICT JUDGE